```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

Gary Allen Duffy,                :

        Plaintiff,               :

     v.                          :    Case No.  2:12-cv-57

Michael J. Astrue,               :    JUDGE GEORGE C. SMITH
Commissioner of Social Security,      Magistrate Judge Kemp

        Defendant.               :
```

OPINION AND ORDER

Plaintiff Gary Allen Duffy applied for social security disability benefits and for supplemental security income. After an administrative hearing before an administrative law judge, the Commissioner of Social Security denied his application for disability benefits but awarded him SSI from August 25, 2008 forward. This action seeks review of that decision under 42 U.S.C. § 405(g).

On October 1, 2012, a United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 18. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, Doc. No. 19. Having considered the matter *de novo*, *see* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b), the Court overrules the objections, adopts the Report and Recommendation, and affirms the Commissioner's decision.

I.

Plaintiff was 58 years old when the administrative hearing was held in 2010. As reflected in the Report and Recommendation, he had not worked since 2000 due to bipolar disorder. He also developed migraine headaches, nausea, and vomiting, and testified to constant depression.

Plaintiff was insured for disability purposes only through December 31, 2005.  The ALJ found that he had only a single severe impairment - obesity - before that date.  The ALJ also concluded, however, that plaintiff subsequently developed additional severe impairments, including cirrhosis of the liver, Hepatitis C, migraines, and bipolar disorder, and that these impairments prevented plaintiff from working a full day on a constant basis beginning on August 25, 2008.  That finding led the ALJ to award benefits from that date forward.

In his statement of errors, plaintiff challenged the ALJ's decision that neither his Hepatitis C nor his bipolar disorder were severe at earlier times.  The Report and Recommendation rejected that argument, finding that if any error on that point had been committed, it was harmless because the ALJ took into account any limitations which might have been caused by those conditions prior to August 25, 2008, and reasonably found that plaintiff could work even with those limitations.  In his objection, plaintiff argues that the Magistrate Judge erred in reaching that conclusion, and that the evidence supports a finding that the combination of his bipolar disorder and his Hepatitis C significantly interfered with the performance of work activities as early as 2003.

II.

In a social security disability case, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010)(quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").  Put another way, a decision supported by substantial evidence is not

-2-

subject to reversal, even if the reviewing court might arrive at a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice withing which the decision-makers can go either way, without interference by the courts.'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 651 (6th Cir.2009)(quoting Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

The ALJ found that plaintiff had bipolar disorder prior to December 31, 2005, but that he "had no more than mild psychological limitations and no episodes of decompensation during this time period." (Tr. 28). In discussing this issue further, the ALJ cited to a 2005 examination performed by Dr. Smith, who concluded both that plaintiff's history of polysubstance abuse might have led to an incorrect diagnosis of bipolar disorder and that his history was more consistent with a depressive disorder. The ALJ did not find any depressive disorder to be severe, either, noting that plaintiff himself reported his mood to have been relatively stable and that until he developed frequent headaches, he was not suffering from severe psychological symptoms. (Tr. 31). Dr. Smith's report (Tr. 521-22) and the report of a nurse practitioner (Tr. 689) confirm the ALJ's observations. The ALJ also found that although plaintiff began treatment for hepatitis C in 2005, records showed that he tolerated treatment well, and

there was no indication of significant symptoms. That statement is also supported by the record. (Tr. 1287). The ALJ also relied on an opinion from a state agency reviewer to the effect that plaintiff did not have a severe psychological impairment prior to December 31, 2005. (Tr. 1266).

Plaintiff argues, however, that there is other evidence in the record, particularly in the notes of his 2003 hospitalization, which suggest a more severe impairment that the ALJ found to have existed. The ALJ did note, however, that plaintiff's psychological symptoms persisted in the hospital even after he underwent detoxification for substance abuse, but observed that by the time he was discharged, his GAF had improved to 65 (indicative of only mild symptoms) and that there was not really any evidence of the exacerbation of those symptoms over the next several years. Thus, the fact that for a short period of time, while plaintiff was in the hospital, he had some significant psychological symptoms does not undercut the ALJ's finding. The same is true of the only other piece of evidence plaintiff cites to on this subject, a single treatment note from 2004 (Tr. 416) indicating that plaintiff continued to take medication for a psychological condition. The note certainly indicates that plaintiff's depression or bipolar disorder and the treatment for it continued beyond his discharge from the hospital, but it says nothing about the severity of that condition during that time frame.

Plaintiff's argument with respect to his hepatitis C fares no better. Again, the evidence he cites supports the propositions that he had that disease and that he was treated for it, but not that it caused him to be unable to perform work activity at some level. The fact that he experienced nausea or some mood disturbance when receiving treatments is the same as saying that the condition or the treatment he received interfered with his ability to work at some particular exertional level on a sustained

basis.  In short, the ALJ did have a reasonable basis for concluding that the record did not compel a finding that either of these impairments was severe while plaintiff was in insured status.  And even if there was some interference, the ALJ also found that plaintiff could do his prior work, which was usually performed at the sedentary level or light exertional level, before December 31, 2005.  There is no evidence to suggest that plaintiff was more limited, from a physical standpoint, than this due to either his hepatitis C or the treatments he took.  Thus, any error which might have resulted from not characterizing this disease as severe before December 31, 2005 was clearly harmless.

                                IV.
     For all of these reasons, plaintiff's objections (Doc. 19) to the Report and Recommendation (Doc. 18) are **OVERRULED** and the Report and Recommendation is **ADOPTED AND AFFIRMED.**  The Court **OVERRULES** plaintiff's statement of errors and **AFFIRMS** the decision of the Commissioner.  The Clerk is directed to enter judgment in favor of the defendant.
     **IT IS SO ORDERED.**


                                        /S/ George C. Smith
                                        George C. Smith
                                        United States District Judge